WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
NANCY D. COOK, TEXAS STATE BAR NO. 04741500
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO  83815
TELEPHONE: (208) 676-7346
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS PATRICK MATHESON,<br><br>Defendant. | Case No. 15-CR-00087-EJL<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

The United States of America, by and through Wendy J. Olson, United States Attorney,

and the undersigned Assistant United States Attorney for the District of Idaho, files the

Government's opposition to the defendant's motion to dismiss, ECF 14.

**PROCEDURAL HISTORY**

The Grand Jury indicted the defendant on March 17, 2015, with two counts of Unlawful

Possession of Firearms and Ammunition, violations of Title 18, United States Code, Sections

922(g)(9) and 924(a)(2) and a Criminal Forfeiture Allegation, ECF 1.  On April 22, 2015, the

defendant appeared, with counsel, for his initial appearance and arraignment; he was then

released on conditions, ECF 8-10.  The defendant's jury trial was scheduled for June 2, 2015,

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 1

before the Honorable Edward J. Lodge, ECF 9.  On May 14, 2015, the defendant filed the

following motions:  (1) First Motion to Continue Trial, ECF 13; (2) First Motion to Dismiss with

Memorandum, ECF 14, 15; (3) First Motion to Dismiss Count II for Multiplicity and

Memorandum, ECF 16, 17; (4) Request for Additional Discovery, ECF 18, (5) Motion to

Suppress and Memorandum, ECF 21, 22; and (6) Motion to Dismiss as the Predicate Conviction

is Void for Lack of Subject Matter Jurisdiction and Memorandum, ECF 22, 23.

## DEFENDANT'S REQUEST

The defendant requests the Court dismiss the indictment against him claiming that his

prior conviction is not a predicate offense that makes his possession of firearms and ammunition

unlawful.

## GOVERNMENT'S RESPONSE

Recent case law has set the framework for determining whether the defendant's prior

conviction for simple assault prohibits him from possessing firearms and ammunition.  First, it is

necessary to review the statute of the predicate conviction.  The defendant was convicted of a

violation of Title 18, United States Code, Section 113(a)(5), which simply states:  "Simple

Assault, by a fine under this title or imprisonment for not more than six months, or both . . .."

There is no definition for simple assault included in the statute.  The Ninth Circuit defined

"simple assault" by adopting the common law definitions which are:

> (1) "a willful attempt to inflict injury upon the person or another," also
> known as "an attempt to commit battery," or

> (2) "a threat to inflict injury upon the person of another which, when
> coupled with an apparent present ability, causes a reasonable apprehension
> of immediate bodily harm."

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 2

*United States v. Lewellyn,* 481 F.3d 695, 697 (9th Cir. 2007) (quoting *United States v.*

*Dupree*, 544 F. 2d 1050, 1051 (9th Cir. 1976) and *United States v. Acosta-Sierra*, 690 F.3d 1111,

1120-1121 (9th Cir. 2012)).

Next, in reviewing the language of the charging statute, Unlawful Possession of a

Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence states:

> It shall be unlawful for any person -- who has been convicted in any court of a misdemeanor crime of domestic violence to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Title 18, United States Code, Section 922(g)(9).

The statute defines the term "misdemeanor crime of domestic violence" as:

> An offense that --
>     (i)      is a misdemeanor under Federal, State or Tribal law; and
>     (ii)     Has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

Title 18, United States Code, Section 921(a)(33)(A).

The Supreme Court decided that the domestic relationship need not be designated in the

predicate offense. *United States v. Hayes*, 555 U.S. 415, 429 (2009).  Therefore, the only issue

for analysis is the first portion of clause two:  "the use or attempted use of physical force, or the

threatened use of a deadly weapon."

Title18, United States Code, Section 921(a)(33)(A)(ii).

The analysis required is as follows:

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 3

### I.    Categorical approach

How do Section 113(a)(5) and Section 922 overlap?  If Section 922 completely encompasses or is no broader than Section 113(a)(5), then we would apply the categorical approach and are able to use the conviction.

| Section 922 | Section 113 |
|---|---|
| the use or attempted use of physical force, or the threatened use of a deadly weapon | (1) willful attempt to inflict injury, or (2) threat, present ability, reasonable apprehension of harm |

The result is that 18 U.S.C. § 922 is narrower than simple assault because, for example, a threat or causing reasonable apprehension does not quality under Section 922.  Thus, the categorical approach cannot apply.

Next, the analysis turns to divisibility.  The analysis requires a determination as to whether Section 113 is divisible – that is, if one, or the other, definition may apply independently to convict someone.  *See Descamps v. United States,* 133 S.Ct. 2276, 2281 (2013).  The common law definitions adopted by the Courts in the Ninth Circuit are:  (1) "a willful attempt to inflict injury upon the person or another," also known as "an attempt to commit battery," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm."  *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (quoting *United States v. Dupree*, 544 F. 2d 1050, 1051 (9th Cir. 1976) and *United States v. Acosta-Sierr*a, 690 F.3d 1111, 1120-1121 (9th Cir. 2012)).  The two common-law definitions are divisible.

Because the definitions are divisible, the modified categorical approach is used to determine whether the defendant's prior conviction can be used as a predicate offense for a violation of Title 18, United States Code, Section 922(g)(9).  This analysis requires a

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 4

comparison of each definition of simple assault to Section 922's definition of a crime of domestic violence. The result is that the first definition under Section 922 is the same as the definition for a crime of domestic violence. This is because both definitions include the use or attempted use of physical force. The second definition under Section 922 is narrower because it requires the use of deadly force, whereas the definition under Section 113 never requires the use of deadly force.

The result is the defendant's prior conviction qualifies as a predicate offense. It is necessary to use the approved *Shepard* documents from the prior conviction to make this determination, specifically: (1) Superseding Information and (2) Plea Agreement. *Shepard v. United States*, 544 U.S. 13, 24 (2005).

The defendant's Superseding Information charged him with:

> Count One – On or about October 3, 1997, in the State and District of Idaho, on the Coeur d'Alene Indian Reservation, NICK MATHESON, an Indian, intentionally struck Felicia Matheson about the head and body, in violation of Title 18, United States Code, Section 113(a)(5), and

> Count Two – On or about March 30, 2001, in the State and District of Idaho, on the Coeur d'Alene Indian Reservation, the defendant, NICK MATHESON, an Indian, intentionally struck Felicia Matheson about the head and body, in violation of Title 18, United States Code, Section 113(a)(5).

*United States v. Nick Matheson*, Superseding Information, Criminal Number 01-062-N-WFN, ECF 57.

The defendant pleaded guilty to Counts One and Two of the Superseding Information. The Plea Agreement set forth the elements for Counts One and Two, to which the defendant pleaded guilty, as:

> First, the defendant intentionally struck Felicia Matheson without lawful justification or excuse;

> Second, the defendant is an Indian; and

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 5

Third, the acts occurred on or about October 3, 1997, on the Coeur d'Alene Indian Reservation, in the State of Idaho.

*United States v. Nick Matheson,* Plea Agreement, Criminal Number 01-062-N-WFN, ECF 62.

The Superseding Information charged the defendant with intentionally striking Felicia Matheson, a battery, not just attempted battery, in the simple assault charge, and the Plea Agreement establishes that he pleaded guilty to this charge.  Accordingly, the statute was divided and that the first definition of simple assault was used.  The defendant pleaded guilty to willful attempt to inflict injury upon Felicia Matheson, his wife.  This is the definition that matches Section 922(g)(9) a misdemeanor crime of domestic violence definition.

### CONCLUSION

The defendant's prior crime of misdemeanor assault qualifies as a misdemeanor crime of domestic violence under Title 18, United States Code, Section 922(g)(9), and therefore, the defendant is prohibited from possessing firearms and ammunition that have traveled in foreign or interstate commerce.  Because of the defendant's prohibition there is no basis to dismiss the Indictment.

Respectfully submitted this 20th day of May, 2015.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:


*/s/ Nancy D. Cook*
NANCY D. COOK
Assistant United States Attorney


GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2015, the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR ADDITIONAL DISCOVERY** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s) by:

| Frederick G. Loats<br>Thomas M. Vasseur | ECF |
|---|---|

*/s/Nancy D. Cook*
NANCY D. COOK
Assistant United States Attorney

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS- 7