*THOMAS M. VASSEUR*
*VASSEUR & SCHLOTTHAUER, PLLC*
409 Coeur d'Alene Avenue
Coeur d'Alene, ID 83814
Telephone: (208) 664-4457
Fax: (208) 765-4702
ISB No. 1327
e-mail: tvfrontdesk@vslawfirm.com

*FREDERICK G. LOATS*
*Attorney at Law*
*2005 Ironwood Parkway-Suite 210*
*P. O. Box 831*
*Coeur d'Alene, ID  83814*
*Telephone (208)667-6424*
*Fax: (208)664-3644*
*ISB No. 2147*
*email: fgloats@frontier.com*

**Attorneys for Defendant**


UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO


| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No.  CR 15-087-N-EJL |
| | ) | |
| vs. | ) | ***REPLY BRIEF IN SUPPORT*** |
| | ) | ***OF MOTION TO DISMISS AND*** |
| NICHOLAS PATRICK MATHESON, | ) | ***IN RESPONSE TO GOVERNMENT'S*** |
| | ) | ***OPPOSITION TO MOTION TO*** |
| | ) | ***DISMISS*** |
| Defendant. | ) | |
| _____ | ) | |

**Statement of the Facts**

Counts I and II of the Indictment charge the Defendant with unlawfully being in possession of firearms on September 19, 2012, in violation of 18 U.S.C. Section 922(g)(9), as the result of a Judgment for a  "misdemeanor crime of domestic violence... [entered] on or about

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND**
**IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  1**

October 11, 2001, in the United States District Court for the District of Idaho, case number 01-CR-00062, for Simple Assault..."   The defense seeks dismissal of the Indictment as  "Simple Assault" does not constitute a "misdemeanor crime of domestic violence" as defined under 18 U.S.C. Section 921(a)(33)(A).

**Argument:**

**I.  Simple Assault is not a misdemeanor crime of domestic violence as it does not have as an element of the offense the use of force.**

In ***United States v. Castleman,*** ___ U.S. ___, 134 S.Ct. 1405, 1410 (2014) the Court held that "force" must be an element of an offense of  "misdemeanor crime of domestic violence" as defined in 18 U.S.C. Section 921(a)(33)(A) to serve as a predicate offense for an unlawful possession of firearms prosecution under 18 U.S.C. Section 922(g).

"[W]e hold that Congress incorporated the common-law meaning of 'force'--***namely offensive touching***—in Section 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence." ***United States v. Castleman,*** 134 S.Ct., at 1410.  "'Force' in this sense, 'describes ***one of the elements of the common-law crime of battery.'"*** ***Castleman,*** at 1414 [emphasis added].

The predicate offense in ***Castleman*** was "intentionally or knowingly caus[ing] bodily injury" to another, "the mother of [the defendant'] child", under a Tennessee statute that "defined three types of assault: '(1) [i]ntentionally, knowingly or recklessly caus[ing] bodily injury to another;  (2) [i]ntentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury;  or (3) [i]ntentionally or knowingly caus[ing] physical contact with another' in a manner that a 'reasonable person would regard..as extremely offensive or provocative.'" ***Castleman,*** ***supra*** at 1413.  Even though labeled assault, it is clear that subsections 1 and 3 of the Tennessee statute were defining what would be battery under federal law, as both involve physical contact,

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND**
**IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  2**

and Subsection 2 sets forth the elements of assault.

The Court noted that it ***"does not appear that every type of assault defined [by the Tennessee statute] necessarily involves 'the use or attempted use of physical force, or the threatened use of a deadly weapon"*** *Id.*, at 1413-14 [emphasis added]. The Court was referring to the assault aspects of the Tennessee statute, and recklessly causing bodily injury. [See, ***United States v. Stokes***, ___ F.Supp.3d ___ (N.D. Miss. 2014), holding that reckless conduct inflicting bodily injury does not include the requisite *mens rea* to constitute a crime of domestic violence in light of the ***Castleman*** decision.]

In ***Castleman*** the parties agreed the statute was "divisible" under the "modified categorical approach" and the Court concluded Castleman had, in fact, been convicted of an offense involving physical force by examining the charge he had plead guilty to, as it charged him with physical force by "intentionally or knowingly caus[ing] bodily injury to" the mother of his child," under the subsection of the Tennessee statute necessarily involved the use of "force." 134 S.Ct. 1409.

Simple Assault does not have, as an element of the offense, the use of force as defined by the Court in ***United States v. Castleman.***

The Government agrees that Simple Assault is defined as an "either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." ***United States v. Dupree,*** 544 F.2d 1050, 1051 (9th Cir. 1976). Government's Opposition to Defendant's Motion to Dismiss, pp 2-3.

The Government also concedes that the second method of committing assault does not qualify as a misdemeanor crime of domestic violence. "[A] threat or causing reasonable

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  3**

apprehension does not qualify under Section 922."   Government's Opposition to Defendant's Motion to Dismiss, p. 4.

The other type of Simple Assault, "attempted battery" does not have as an element of the offense any physical contact or touching.  In *United States v. Acosta-Sierra,* 690 F.3d 111, 1117 (9th Cir. 2012), the Court explained that:

"The first type of common law assault is an attempt to commit a battery. *United States v. Bell,* 505 F.2d 539, 540 (7th Cir. 1975).  *For this type of assault, there need not be physical contact with the intended victim*, see *Chapman,* 528 F.3d at 1219 (explaining that 'someone who threw a punch and missed' would be guilty of assault under Section 111), or reasonable apprehension on the part of the victim, see *United States v. Llewellyn,* 481 F.3d 695, 697 (9th Cir. 2007) (explaining that a 'showing of fear on the part of the victim' is not required under the attempted battery theory of assault)." [Emphasis added].

The distinction between assault and battery is the element of physical contact, or "force".  If there is no physical contact then the offense is assault.  "A 'simple assault' exists only in instances where there is no physical contact." *United States v. Gutierrez,* 745 F.3d 463, 467 (11th Cir. 2014).  Accord, *United States v. Rivera-Alonzo,* 584 F.3d 829, 833-34 (9th Cir. 2009); *United States v. Chapman,* 528 F.3d 1215 (9th Cir. 2008).  If there is contact, or "offensive touching" as used in *Castleman,* then the offense is battery.  See, LaFave & Scott, *Criminal Law, 2d ed.*, Section 7.14(a), p. 684 (1986).

As "force" as defined in *Castleman* is not one of the elements of Simple Assault, it does not constitute a "misdemeanor crime of domestic violence" and can not serve as a predicate for this prosecution for unlawful possession of a firearm.  The Indictment must therefore be dismissed.

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND**
**IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  4**

**II.   "Simple Assault" is not a "divisible statute" justifying employment of the "modified-category" analysis.**

The Government would have the Court in this case look past the elements of Simple Assault and decide this issue based upon the charging document and other documents in the underlying offense.  The Government essentially asks the Court to ignore the elements of the offense charged and make its decision based on what the Defendant allegedly did.  This is exactly the approach analyzed and rejected in ***Descamps v. United States***,  ___ U.S. ___, 133 S.Ct. 2276 (2013).

Simple Assault is not a "divisible crime" under the  "modified-categorical approach".  Although the offense can be committed in one of two ways, and in that sense is "divisible", neither method of committing Simple Assault involves as an element of the offense the use of force or physical contact.  As force is not an element of the offense, examining the conduct of the Defendant in committing the offense is prohibited.

In ***Descamps v. United States***, 133 S.Ct. 2276 (2013), the Court addressed whether a prior state (California) conviction for burglary qualified as a prior burglary under the Armed Career Criminal Act (ACCA) for sentencing enhancement purposes.  Under the ACCA, burglary is defined as what is labeled a "generic" burglary, requiring a "breaking and entering" or unlawful entry.  The California burglary statute required  only an entry with the intent to steal or commit a felony.  The lower Court found this a "divisible statute", and employed the "modified categorical" approach, allowing it to examine the charging documents and related pleadings to determine what the Defendant had actually done.  It appeared from those documents that the Defendant had actually engaged in an unlawful entry, and therefore the lower Court ruled the California conviction qualified as a predicate offense for enhancement purposes.

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  5**

The Supreme Court reversed.  It ruled that "the state law defines burglary not alternatively, but only more broadly than the generic offense." *Deschamps v. United States, supra* at 2283.  As such, the modified-category analysis was improperly employed by the lower court.

"[C]ourts may 'look only to the statutory definitions'--i.e., the elements—of a defendant's prior offense, and not 'to the particular facts underlying those convictions.' [Citation omitted].  If the relevant statute has the same elements...then the prior conviction can serve as [a]...predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily...guilty of all the [generic crime's] elements.  [Citation omitted].  But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as a...predicate, even if the defendant actually committed the offense in its generic form.  The key...is elements, not facts." *Deschamps v. United States, supra* at 2283.

Assault obviously "sweeps more broadly" than battery.  Whereas assault addresses a wide variety of inappropriate and unlawful conduct, battery is limited to physical contact.  There must be "force", or "offensive touching" to constitute the crime of battery, and that element is absent from assault.  Simple assault is therefore not a "divisible crime" under the "modified categorical approach".

Even in the "modified categorical approach", there is a "narrow scope of...review:  It [is] not to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea, 'but only to assess whether the plea was to the version of the crime...corresponding to the generic offense." *Id.*  However, since neither method of committing Simple Assault involves the use of force, physical contact or "offensive touching", it is not a "divisible statute" warranting the "modified categorical approach", and the Court should reject the Government's

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND
IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  6

effort to examine the allegations of the Superseding Information and Plea Agreement in the underlying case.

**III.    The Belless definition of "physical force" should apply to the Defendant's conduct on the date of the offense.**

The Government did not respond or address the Defendant's argument that the definition of "physical force" in 18 U.S.C. Section 921(a)(33)(A)(i) & (ii) as announced in *United States v. Belless,* 338 F.3d 1063, 1068 (9th Cir. 2003) ["the phrase 'physical force'...means the violent use of force against the body of another individual"] must judge the Defendant's conduct on the date of the offense (September 19, 2012),  as that was the law of this Circuit at the time.  Under the *Belless* decision, it is clear that the predicate offense of Simple Assault, did not involve "the violent use of  force against the body of another."  Again, Simple Assault does not involve the use of force, violent or otherwise.

**Conclusion**

It is clear that on September 19, 2012, that date of the offense, Mr. Matheson had not been convicted of a "misdemeanor crime of domestic violence" as defined in *United States v. Castleman, supra*, or *a fortiori, United States v. Belless, supra,* and it was not unlawful for him to possess firearms. As the predicate offense alleged in the Indictment does not constitute a "misdemeanor crime of domestic violence"  the Indictment must be dismissed.

Dated this 26th day of May, 2015.

/s/_____
**FREDERICK G. LOATS**
**Attorney for Defendant**

/s/_____
**THOMAS M. VASSEUR**
**Attorney for Defendant**

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND
IN RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS  7

*Certificate of Service*

I hereby certify that on the 26th day of May, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which sent a Notice of Electronic Filing to the following persons: Nancy D. Cook, Assistant United States Attorney.

/s/_____
*FREDERICK G. LOATS*
*Attorney for Defendant*