UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS PATRICK MATHESON,<br><br>Defendant. | District Case No. 2:15-CR-00087-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court in the above-entitled matter is Defendant's Motion to Dismiss. (Dkt. 14.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

**ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendant, Nicholas Patrick Matheson, is charged with two counts of Unlawful Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(9) and § 924(a)(2). (Dkt. 1.) Both counts allege that Mr. Matheson unlawfully possessed certain firearms and ammunition after having been previously convicted of a misdemeanor crime of domestic violence. The alleged underlying domestic violence charge is a Simple Assault conviction under 18 U.S.C. § 113(a)(5). (D. Idaho Case No. 2:01-cr-00062-WFN).

Mr. Matheson has entered pleas of not guilty and has filed the instant Motion to Dismiss as well as other related Motions. The Court finds as follows.

## ANALYSIS

Section 922(g)(9) provides, as relevant, that any person "who has been convicted ... of a misdemeanor crime of domestic violence" may not "possess in or affecting commerc[e] any firearm or ammunition." A "misdemeanor crime of domestic violence" is defined by the statute as:

> an offense that ... (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A). To qualify as a "misdemeanor crime of domestic violence," the underlying crime must have "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." *United States v. Hayes*, 555 U.S. 415, 421 (2009).

ORDER - 2

The Supreme Court recently held that § 922(g)(9)'s "physical force" requirement "is satisfied ... by the degree of force that supports a common-law battery conviction" including "mere offensive touching" as well as indirect applications of force such as deceiving the victim into drinking poison. *United States v. Castleman*, ___ U.S. ___, 134 S.Ct. 1405, 1413-15 (2014) (*abrogating United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003)). That is to say, "Congress incorporated the common-law meaning of 'force' – namely, offensive touching – in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence.'" *Id.* at 1410.[1]

The parties in this case disagree over whether the Defendant's § 113(a)(5) Simple Assault conviction qualifies as a predicate offense under § 922(g)(9) and whether the categorical or modified categorical approach should be applied. Mr. Matheson argues that,

---

[1] Defendant argues the *Ex Post Facto* Clause requires the use of the definition of "force" found in the Ninth Circuit's 2003 decision of *United States v. Belless* in this case instead of the Supreme Court's 2014 definition in *Castleman*. (Dkt. 15 at 6-7.) In *Belless*, the Ninth Circuit concluded that the phrase "physical force" found in § 921(a)(33)(A)(ii) means the violent use of force against the body of another individual. *Belless*, 338 F.3d at 1068. Defendant contends that the *Castleman* case unforeseeably expands the definition of "physical force" such that this Court should apply the interpretation in place at the time the Indictment in this case was filed. This Court disagrees. The *Ex Post Facto* Clause is not violated where judicial interpretations of criminal statutes are not "unexpected" or "indefensible by reference to the law which had been expressed prior to the conduct in issue." *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001) (discussing the application of *Bouie v. City of Columbia*, 378 U.S. 347 (1964) to common law). Retroactive application of a novel judicial interpretation of a criminal statute, however, is prohibited. *Id.* The touchstone here is whether a criminal statute gives fair warning of the conduct that makes up the crime. *Id.* at 457. The Supreme Court's decision in *Castleman* interpreting the meaning of "physical force" for purposes of § 922 is not a novel judicial interpretation or "unexpected." *Castleman* simply clarified the definition of "physical force" required for a § 922(g)(9) charge.

ORDER - 3

under the categorical approach, his underlying Simple Assault conviction is not "a misdemeanor crime of domestic violence" under § 922(g)(9) because it does not have as an element the use or attempted use of physical force. (Dkt. 15, 26, 42.) The Government contends that under the modified categorical approach, the Simple Assault conviction qualifies as a "misdemeanor crime of domestic violence" under § 922(g)(9). (Dkt. 24.)

**1.      Categorical Approach**

To determine whether Mr. Matheson's prior Simple Assault conviction qualifies as a "misdemeanor crime of domestic violence," the Court applies the analytic approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2283 (2013); *Castleman*, 134 S.Ct. at 1413. First, the Court looks to the categorical approach to evaluate if the Simple Assault statute, § 113(a)(5), proscribes the same conduct as § 922(g)(9)'s "misdemeanor crime of domestic violence." *Id.*; *James v. United States*, 550 U.S. 192 (2007) (Under the categorical approach, courts look to the statutory definition of the offense in question, as opposed to the particular facts underlying the conviction to determine whether the underlying conviction would fall within that definition.). If the elements of the § 113(a)(5) conviction are the same as or narrower than the elements of § 922(g)(9), then Mr. Matheson's prior § 113(a)(5) conviction would serve as a predicate offense for the § 922 charge. *Descamps*, 133 S.Ct. at 2283. If, however, § 113(a)(5) prohibits more conduct, then the underlying conviction does not categorically qualify as a predicate offense for the § 922 charge.

ORDER - 4

The Court finds the statutory language of § 113(a)(5) prohibits more conduct than § 922(g)(9). As discussed more below, the two types of assault contained in the common law definition applicable to § 113(a)(5) encompass conduct broader than that prohibited by § 922(g)(9). For instance, threatening to inflict injury upon the person of another which causes a reasonable apprehension of immediate bodily harm is a crime under § 113(a)(5). Threatening injury is not, however, a crime under § 922(g)(9) because it does not necessarily "ha[ve], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." *Castleman*, 134 S.Ct. at 1413-14 (quoting § 921(a)(33)(A)).[2] Both sides in this case appear to agree that § 113(a)(5) does not qualify as a predicate offense under the categorical approach. (Dkt. 15, 26, 42) (Dkt. 24 at 4.) For these reasons, the Court finds that the Simple Assault conviction does not categorically qualify as a predicate offense for the § 922(g)(9) charge.

## 2.      Modified Categorical Approach

The modified categorical approach is appropriate where the statute of conviction is "divisible." *Descamps,* 133 S.Ct. at 2283. When faced with a divisible statute, a court may look beyond the statute to a narrow set of documents, such as the indictment or the plea agreement, to determine which portion of the statute covered the defendant's underlying conviction. *Id.* at 2285; *Shepard*, 544 U.S. at 26.

---

[2] The *Castleman* decision discussed but did not decide whether the state statute in question categorically qualified as a misdemeanor crime of domestic violence because the parties had agreed that the state statue was divisible. 134 S.Ct. at 1414. Therefore, the Supreme Court applied the modified categorical approach in reaching its decision. *Id.* The parties in this case, however, dispute whether the statute is divisible and, therefore, whether the modified categorical approach applies.

**ORDER - 5**

> The statute of conviction in this case, § 113(a), states:
> Whoever, within the special maritime and territorial jurisdiction of the United
> States, is guilty of an assault shall be punished as follows:
> ...
> (5) Simple assault, by a fine under this title or imprisonment for not more than
> six months, or both, or if the victim of the assault is an individual who has not
> attained the age of 16 years, by a fine under this title or imprisonment for not
> more than 1 year, or both.

18 U.S.C. § 113(a)(5). Because § 113 does not itself define assault, the Ninth Circuit has

adopted the common law definitions: (1) "a willful attempt to inflict injury upon the person

of another," also known as "an attempt to commit a battery," or (2) "a threat to inflict injury

upon the person of another which, when coupled with an apparent present ability, causes a

reasonable apprehension of immediate bodily harm." *United States v. Acosta-Sierra*, 690

F.3d 1111, 1117 (9th Cir. 2012) (discussing assault under 18 U.S.C. § 111) (citing *United

States v. Chapman*, 528 F.3d 1215, 12-19-20 (9th Cir. 2008)); *see also United States v.

Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (discussing assault under 18 U.S.C. § 113)

(quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)). This definition of

assault presents two versions or theories of the offense. The first type is an attempt to commit

a battery. *Acosta-Sierra*, 690 F.3d at 117. The second type involves an intentional threat to

inflict injury which reasonably caused the victim to fear immediate bodily harm. *Id.*

The Court finds § 113(a)(5) is not divisible and, therefore, the modified categorical

approach does not apply here. "[A] statute is divisible only if it contains multiple alternative

elements, as opposed to multiple alternative means." *Rendon v. Holder*, 764 F.3d 1077, 1084-

85 (9th Cir. 2014) (citing *Descamps*, 133 S.Ct. at 2285). "[U]nder *Descamps*, what must be

divisible are the elements of the crime, not the mode or means of proving an element." *United States v. Cabrera–Gutierrez*, 756 F.3d 1125, 1137 n. 16 (9th Cir. 2014). "[W]hen a court encounters a statute that is written in the disjunctive (that is, with an 'or'), that fact alone cannot end the divisibility inquiry. Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative elements and not alternative means." *Rendon*, 764 F.3d at 1086. "The critical distinction is that while indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain multiple, alternative elements of functionally separate crimes." *Id.* at 1084-85.

Here, the common law definition applied to § 113 offers two different means of committing the crime of Simple Assault; by either attempted battery or threatening to inflict injury. The elements of the crime itself are the same regardless of which means were used

**ORDER - 7**

to commit the crime.[3] Thus, the Simple Assault statute is not divisible and the modified

categorical approach does not apply in this case.

Because § 113(a)(5) does not qualify as a predicate offense for the § 922(g)(9) charge

under the categorical approach, the Court will grant the Motion to Dismiss.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt.

14) is **GRANTED**. The Indictment in this case is **DISMISSED**.

IT IS FURTHER ORDERED that the remaining pending Motions (Dkt. 16, 18, 20,

22) are **DEEMED MOOT**.

DATED:  **November 5, 2015**

Honorable Edward J. Lodge
U. S. District Judge

---

[3] The elements of a § 113(a)(5) charge are:
First, the defendant assaulted [name of victim] by intentionally using a
display of force that reasonably caused [him] [her] to fear immediate bodily
harm; and
Second, the assault took place on [specify place of federal jurisdiction].

*See* Ninth Circuit Model Criminal Jury Instruction 8.8 (modified).

ORDER - 8