UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS PATRICK MATHESON,<br><br>Defendant. | Case No. 2:15-cr-00087-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is the Government's Motion for Reconsideration. (Dkt. 51.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendant, Nicholas Patrick Matheson, was charged with two counts of Unlawful Possession of Firearms and Ammunition in violation of 18 U.S.C. § 922(g)(9) and § 924(a)(2). (Dkt. 1.) Both counts allege that Mr. Matheson unlawfully possessed certain

firearms and ammunition after having been previously convicted of a misdemeanor crime of domestic violence. The alleged underlying domestic violence crime is a Simple Assault conviction under 18 U.S.C. § 113(a)(5). (D. Idaho Case No. 2:01-cr-00062-WFN).

Mr. Matheson entered pleas of not guilty to the two firearms charges in this case and filed a Motion to Dismiss. (Dkt. 8.) On November 5, 2015, this Court entered an Order granting the Motion to Dismiss concluding that Mr. Matheson's prior Simple Assault conviction did not categorically qualify as a predicate offense for the § 922(g)(9) charges. (Dkt. 49.) The Court further concluded that because the Simple Assault statute is not divisible, the modified categorical approach did not apply in this case. Accordingly, the Court dismissed the Indictment. The Government then filed the instant Motion to Reconsider.

## STANDARD OF LAW

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. Federal Rule of Civil Procedure Rule 59 provides a means whereby the Court may order a new trial or alter or amend a judgment. Fed. R. Civ. P. 59. The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (applying reconsideration to a Rule 59 motion to alter or amend a judgment); *see also School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (denying a

**ORDER - 2**

Rule 59 motion to reconsider a summary judgment ruling). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). Courts in this Circuit have also considered whether the movant makes a convincing showing that the court failed to consider material facts that were presented prior to the court's decision. *See Lyden v. Nike Inc.*, No. 3:13-cv-00662-HZ, 2014 WL 4631206, *1 (D.Or. Sept. 15, 2014) (citing cases).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has stated that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

(quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

The Government seeks reconsideration of the Court's Order granting dismissal in this case arguing 1) the Court improperly relied upon *Rendon v. Holder*, 2) the ruling is inconsistent with other case law, and 3) the ruling is contrary to Congress' intent. (Dkt. 51, 56.) The Defendant counters that the Court's prior ruling is correct, the authority cited by the Government does not support its position, and the congressional intent argument does not warrant reconsideration. (Dkt. 54, 55.) The Court finds as follows.

**1.     Case Law**

The Government argues the Court's ruling that § 113(a)(5) is not divisible is inconsistent with other case law holding that multi-definition simple assault statues are divisible. (Dkt. 52.) In particular, the Government relies upon and urges the Court to follow *United States v. Vinson*, 794 F.3d 418 (4th Cir. 2015).

In *Vinson*, the Fourth Circuit applied the modified categorical approach to the North Carolina state assault statute finding the statute was divisible into three constituent crimes: 1) assault by a showing of force causing reasonable apprehension in the victim, 2) assault by an attempted battery, and 3) assault by a completed battery. *Id.* at 423-27. The Fourth Circuit held that the statute contained multiple, alternative elements creating different crimes, some

of which would match the generic federal offense and others that would not. *Id.* at 424. The Fourth Circuit concluded the "use of the modified categorical approach would be proper because the crime of assault by completed battery categorically qualifies as [a misdemeanor crime of domestic violence]." *Id.* Specifically, that "any conviction for the completed battery form of assault would necessarily include a use of physical force sufficient to satisfy the federal definition of an MCDV." *Id.*

The Court has reviewed *Vinson* as well as the other cases cited by the Government. Those cases involve statutes which include in their definitions some requirement of physical force such as battery, aggravated assaults with unlawful force/touching/violence, causing bodily injury to another. For that reason, those courts used the modified categorical approach to determine whether the crime qualified as a predicate offense. The critical distinction between this case and those cited by the Government, including *Vinson*, is that the simple assault statute at issue here, § 113(a)(5), does not include battery or crimes involving "physical force."

The common law definition of assault applicable to § 113(a)(5) provides two alternative formulations: 1) an attempt to commit a battery and 2) an intentional threat to inflict injury which reasonably caused the victim to fear immediate bodily harm. *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012). In order to qualify as a "misdemeanor crime of domestic violence," however, the underlying crime must have "as an element, the use or attempted use of physical force, or the threatened use of a deadly

**ORDER - 5**

weapon." *United States v. Hayes*, 555 U.S. 415, 421 (2009). The "physical force" requirement "is satisfied ... by the degree of force that supports a common-law battery conviction" including "mere offensive touching" as well as indirect applications of force. *United States v. Castleman*, 134 S.Ct. 1405, 1413-15 (2014) (*abrogating United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003)). Because there is no such requirement under § 113(a)(5), the Court finds it is not a predicate offense.

Neither of the two formulations of assault found in § 113(a)(5) require physical force. Therefore, § 113(a)(5) does not contain an alternative formulation that "matches the generic version" of the crime. *See Descamps v. United States*, 133 S.Ct. 2276, 2284-85 (2013) (The modified categorical approach applies only if a state crime consists of "multiple, alternative elements" creating "several different crimes," some of which would match the generic federal offense and others that would not.). That is to say, the § 113(a)(5) conviction does not qualify as a predicate offense for the § 922(g)(9) charge because it does not, in either of its iterations, have "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." *Hayes*, 555 U.S. at 421.

The Government disagrees with this Court's conclusion arguing § 113(a)(5) contains alternative formulations of assault which are separate crimes with alternative elements and, therefore, it is divisible. (Dkt. 56.) The Government goes on to argue the "Ninth Circuit has been clear that § 113(a)(5) assault includes completed battery because 'an assault is an attempted battery and proof of a battery will support conviction of an assault.'" (Dkt. 56 at

2) (quoting cases.) This reasoning, however, turns the analysis on its head. The fact that conduct amounting to a completed battery will also support a § 113(a)(5) assault conviction does not mean that § 113(a)(5) a completed battery is included in § 113(a)(5). It simply means that conduct greater than what is required for a § 113(a)(5) assault conviction, i.e., battery, can support a conviction for the lesser crime of simple assault. This does not make the statute divisible. Nor does it mean that, even if the statute is divisible, one of the divisions, by its elements, qualifies as a predicate offense.

The Court's analysis instead starts with the statute itself.[1] Section 113(a)(5) does not define simple assault. Therefore, the common law definition applies which provides two alternative formulations for committing the crime of simple assault under § 113(a)(5) – attempted battery or threatening to inflict injury. *Acosta-Sierra*, 690 F.3d at 1117. This Court's prior decision concluded that those two categories of simple assault are different means of committing the same crime and, therefore, the statute is not divisible. (Dkt. 49.)

Even if the two categories were viewed as alternative crimes, the Court would still conclude that the modified categorical approach does not apply because neither formulation of simple assault found under § 113(a)(5) constitutes, by its elements, a qualifying predicate offense. Again, the modified categorical approach applies only if at least one of the categories into which the statute may be divided constitutes, by its elements, a crime

---

[1] As discussed in *Descamps*, the "basic method" to determine whether a conviction qualifies as a predicate offense is to compare the elements of the conviction with the generic offense's. The modified approach only adds a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates several different crimes. *Descamps*, 133 S.Ct. at 2285.

**ORDER - 7**

matching the generic version. *Descamps*, 133 S.Ct. at 2285. Here, the generic crime requires the use of physical force which is satisfied by the degree of force supporting a common-law battery conviction. *Castleman*, 134 S.Ct. at 1413. Neither iteration of § 113(a)(5) – attempted battery and threatening to inflict injury – requires the use of physical force for a conviction. For this reason, the Court concludes its prior ruling was correct.

The Government also challenges the means versus elements dichotomy used in *Rendon v. Holder* which this Court cited in its decision. (Dkt. 53.) In *Rendon*, the Ninth Circuit considered whether a California state burglary conviction qualified as a federal aggravated felony under 8 U.S.C. § 1101(a)(43). *Rendon v. Holder*, 764 F.3d 1077, 1084-86 (9th Cir. 2014). This Court quoted the following language from *Rendon*:

> [A] statute is divisible only if it contains multiple alternative elements, as opposed to multiple alternative means. *Rendon*, 764 F.3d at 1084-85 (citing *Descamps*, 133 S.Ct. at 2285 n. 2).
> ...
> [W]hen a court encounters a statute that is written in the disjunctive (that is, with an 'or'), that fact alone cannot end the divisibility inquiry. Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative elements and not alternative means." *Rendon*, 764 F.3d at 1086. "The critical distinction is that while indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain multiple, alternative elements of functionally separate crimes." *Id.* at 1084-85.

(Dkt. 49.) Pointing again to *Vinson*, the Government contends that the *Rendon* approach does not logically apply to this case where the simple assault statute contains an exhaustive list of formulations each of which is sufficient to prove the crime. (Dkt. 52.) The Government urges

**ORDER - 8**

this Court to reconsider its decision and adopt the Fourth Circuit's analysis in *Vinson*. (Dkt. 52 at 11.)

The alternative means versus alternative elements approach for distinguishing between divisible and indivisible statutes used in *Rendon* is based upon United States Supreme Court's decision in *Descamps*. *Rendon*, 764 F.3d at 1085-88.[2] In *Vinson* the Fourth Circuit recognized the alternative means versus elements dichotomy but concluded that the three assault formulations contained in the assault statute before it encompassed the entire universe of ways in which an assault may be committed and, therefore, were alternate elements of the offense of assault, not alternative means. *Vinson*, 794 F.3d at 426. The Government argues the same is true of § 113(a)(5) and that the two formulations of the statute – attempted battery and threatening to inflict injury – are alternate elements of the offense of assault which comprises an exhaustive list of alternative definitions of the offense itself. (Dkt. 52.)

Even if the Government's analysis for the alternative means versus elements dichotomy is correct, for the reasons stated above, the Court still finds that § 113(a)(5) is not a predicate offense because neither of its alternative formulations require the use of physical force which is required for it to be a predicate offense to the § 922(g)(9) charge.

### 2. Congressional Intent

The Government's final argument is that the Court's ruling is inconsistent with Congress' intent in enacting § 922(g)(9) to close a "dangerous loophole in the gun control

---

[2] The Fourth Circuit cites the same language in a case decided before and cited in *Vinson*. See *Omargharib v. Holder*, 775 F.3d 192 (4th Cir. 2014).

ORDER - 9

laws" to keep firearms away from perpetrators of domestic violence. (Dkt. 52 at 12) (citing *Castleman*, 134 S.Ct. at 1408-09). This Court was very much aware of the congressional purpose behind the law when it issued its prior Order as well as the ramifications of its ruling. Likewise, the Court had considered the Supreme Court cases construing § 922(g)(9)'s requirements. *See Hayes*, 555 U.S. at 428-29; *Castleman*, 134 S.Ct. at 1408-11. This Court does not dispute that qualifying § 113(a)(5) as a predicate offense for a § 922(g)(9) charge would achieve Congress' intent and likely would reduce the number of firearms found in the hands of violent individuals who may commit domestic violence. The fact remains, however, that no physical contact, offensive touching, or physical force of any kind is required, regardless of how minimal that contact need be, for a conviction of simple assault under § 113(a)(5). Because some physical force is required, § 113(a)(5) can not be a predicate offense. Further, that § 113(a)(5) is commonly used to prosecute domestic violence crimes in Indian Country does not warrant a different conclusion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion for Reconsideration (Dkt. 51) is **DENIED**.



DATED: **February 4, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 10**